## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2017, 6:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Durwood Lee Elliott, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 21, 2017 <br><br> Court of Appeals Case No. <br> 71A04-1701-CR-95 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Elizabeth C. Hurley, Judge <br><br> Trial Court Cause No. <br> 71D08-1606-F6-518 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Durwood Elliott appeals his two-year sentence for invasion of privacy, disorderly conduct, and intimidation. He argues that his sentence is inappropriate. We disagree and affirm.

# Facts and Procedural History[1]

[2] On May 25, 2016, Elliott pled guilty to invasion of privacy for violating a no-contact order protecting his wife, Mary, and he was sentenced to a year of probation. As a term of probation, he was ordered not to have any contact with Mary. Less than two weeks later, on June 7, 2016, Elliott, intoxicated, went to Mary's house in South Bend. He banged on the door and demanded that she open it. When she refused, Elliott threatened to "kill her." Tr. Vol. II p. 14. Mary called the police. When officers arrived, Elliott tried to leave the house. Officers attempted to handcuff him, and Elliott pulled away and struggled with them. They eventually had to tase him.

---

[1] We take some of the facts from the probable-cause affidavit. The affidavit was incorporated by reference in the pre-sentence investigation report, the trial court relied upon this information in sentencing Elliott, and Elliott relied upon the affidavit in his brief.

We also note that Elliott's attorney failed to comply with Indiana Appellate Rule 50(C), which requires that the table of contents for an appendix "specifically identify each item contained in the Appendix, including the item's date." One entry in Elliott's table of contents is "Clerk's Record," which is actually a compilation of numerous trial court documents that should have been separately identified. Furthermore, Elliott's attorney did not include the date for any of the items in the appendix. We ask counsel to abide by Rule 50(C) in future appeals.

[3]     The State charged Elliott with Class A misdemeanor invasion of privacy (for violating the no-contact order), Class B misdemeanor disorderly conduct, and Class A misdemeanor intimidation. Elliott pled guilty to all three charges. At the sentencing hearing, the trial court took notice of Elliott's criminal history, including at least seven felony and twenty-two misdemeanor convictions. Additionally, the court took notice that Elliott was on probation when he committed the instant offense. The trial court sentenced Elliott to one year for invasion of privacy, 180 days for disorderly conduct, and one year for intimidation. The trial court ordered the sentences for invasion of privacy and intimidation to be served consecutive to each other and concurrent to the sentence for disorderly conduct, for an aggregate sentence of two years.

[4]     Elliott now appeals his sentence.

# Discussion and Decision

[5]     Elliott contends that his two-year sentence is inappropriate in light of the nature of his offenses and his character. The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). This Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the defendant." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080

(Ind. 2006). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[6] Here, Elliott faced up to two-and-a-half years in prison on his three convictions: one year on each Class A misdemeanor, *see* Ind. Code § 35-50-3-2, and six months on the Class B misdemeanor, *see* Ind. Code § 35-50-3-3. The trial court imposed an aggregate sentence of two years. Elliott has not persuaded us that this sentence is inappropriate.[2]

[7] Turning first to the nature of the offense, Elliott went to Mary's house in an intoxicated state just two weeks after being convicted of invading her privacy and ordered not to have any contact with her. Elliott argues that he did not intend to carry out his threats, but even if that were true, Mary had no way of knowing that. Although he notes that no physical harm was done to Mary or the officers, his conduct is still disturbing. He banged on Mary's door and

---

[2] Elliott easily could have faced more time. The invasion-of-privacy statute provides that the crime is a Class A misdemeanor unless the defendant "has a prior unrelated conviction for an offense under this section," in which case it is a Level 6 felony. Ind. Code § 35-46-1-15.1. Because Elliott was convicted and sentenced for the same crime just two weeks earlier, his new invasion-of-privacy conviction could have been a felony. In fact, the caption of the State's charging information indicated that it was charging him with two counts of invasion of privacy—one felony and one misdemeanor. However, the actual charging language of the "felony" count (Count I) was identical to the language of the misdemeanor count (Count II), making no mention of the prior conviction. Thus, when Elliot indicated his intent to plead guilty as charged, the trial court pointed out the deficient charging language of Count I, and the State moved to dismiss that count. If Elliott had been properly charged with and convicted of a Level 6 felony, he would have faced up to two-and-a-half years in prison on that count alone. *See* Ind. Code § 35-50-2-7(b). We are mindful of this fact as we evaluate his inappropriateness claim.

insisted she open it. When Mary refused, he threatened to "kill her." Tr. Vol. II p. 14. Although no physical harm was done, Elliott could have emotionally harmed Mary by his threats. Additionally, Elliott actively resisted arrest, which led officers to tase him before taking him to jail.

[8] Elliott's character does not fare much better. He has at least seven felony and twenty-two misdemeanor convictions. Elliott has been convicted of multiple crimes in which Mary was the victim. Moreover, Elliott was on probation during this offense. Elliott contends that much of his criminal history is related to his abuse of alcohol, but he does not direct us to any evidence that he has sought help for that problem or otherwise taken responsibility for it.

[9] We conclude that Elliott's two-year sentence is not inappropriate.[3]

[10] Affirmed.

Bailey, J., and Robb, J., concur.

---

[3] Elliott also appears to argue that the trial court did not give enough mitigating weight to his guilty plea. However, our Supreme Court has made clear that a trial court's weighing of aggravators and mitigators is no longer subject to review for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).